8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Edward MALONE, Plaintiff-Appellant,
v.
John Doe FLEMING, Captain WCC; et al., Defendants-Appellees.
 No. 92-35326.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Sept. 29, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Edward Malone, a Washington state prisoner, appeals pro se the district court's order granting summary judgment for defendants and dismissing his 42 U.S.C. § 1983 action. Malone claims that his constitutional rights were violated when he was subjected to a digital rectal probe search when he was transferred into the Intensive Management Unit ("IMU") at the Washington Corrections Center ("WCC"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). If a reasonable prison official could have believed that his actions were lawful, summary judgment on the basis of qualified immunity is appropriate. Act Up!/Portland v. Bagley, 988 F.2d 868, 872-73 (9th Cir.1993). We recently held that Washington state prison officials who implemented a policy permitting digital rectal probe searches on inmates before the inmates' entry into the IMU section of a prison are entitled to qualified immunity. Hemphill v. Kincheloe, 987 F.2d 589, 591, 594 (9th Cir.1993).
 
 
 4
 In his complaint, Malone alleges that when he was transferred into the IMU on March 7, July 24, and November 22, 1985, he was subjected to a digital rectal probe search. Malone alleges that the search was conducted even though "[t]here existed no reason to suspect that [he] was concealing illegal contraband items in [his] body."
 
 
 5
 In their motion for summary judgment, the defendants argue that they were entitled to qualified immunity because at the time of the probe searches it was not clearly established that digital rectal probe searches were unconstitutional even though based on less than probable cause.[1]
 
 
 6
 Since the district court's decision in this case, we decided Hemphill. Hemphill holds that Washington state prison officials who implemented the policy permitting digital rectal probe searches on inmates before the inmates' entry into the IMU of a prison are entitled to qualified immunity. Hemphill, 987 F.2d at 591, 594. Therefore, the defendants in this case are entitled to qualified immunity. See id.
 
 
 7
 Accordingly, we conclude the defendants are entitled to summary judgment on the basis of qualified immunity. See Act Up!/Portland, 988 F.2d at 872-73; Hemphill, 987 F.2d at 593-94.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defendants also argue that the digital rectal probe search policy was reasonably related to a legitimate penological goal, and, therefore, constitutional. Because we determine that the defendants are entitled to qualified immunity, we need not decide whether the policy itself is constitutional. See Hemphill, 987 F.2d at 593 n. 3; see also Act Up!/ Portland, 988 F.2d at 972